[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter involves various post-judgment motions filed by the parties.
On June 27, 2001, the defendant filed a post-judgment motion to modify custody. That motion was amended on November 7, 2001 to encompass allegations which allegedly occurred after June 27, 2001. On July 10, 2001, the plaintiff filed a motion for a finding of contempt in which she alleged that the defendant had defied the Court's orders concerning custody and access by wrongfully withholding the children from her. On August 8, 2001, the defendant filed a motion to modify child support.
The Court considered all of these motions at contested hearings which were conducted before the undersigned on November 7, 2001 and November 28, 2001. The parties were present at hearing and were represented by their respective counsel. The minor children were represented by their court-appointed counsel. The Court has carefully considered all of the evidence introduced at hearing and finds that the facts set forth below were proven by a preponderance of the evidence.
 FACTUAL FINDINGS
The parties' marriage was dissolved in an uncontested dissolution hearing at Hartford Superior Court on April 11, 2001.
The judgment granted the parties joint legal custody of the two minor children, Taylor Ferracci, age 8, and Nicholas Ferracci, age 6.
The judgment provided that the parties would have a shared parenting arrangement. It was ordered that Taylor and Nicholas were to be with the mother on Mondays and Tuesdays until school on Wednesday morning. The children were to be with the father from after school on Wednesday until the start of school on Fridays. The parties were to alternate weekends with the children, commencing Friday after school until Sunday at 6:00 p.m.
The judgment also contained orders for the payment of child support and CT Page 16603 alimony by the defendant to the plaintiff. There is a current order that the defendant pay the plaintiff $100.00 per week as child support.
On June 27, 2001, the defendant filed a pro se motion to modify custody and child support. In his motion, the defendant requested sole custody of Taylor and Nicholas and that the mother's visitation with the children be supervised. In that motion the father alleged:
 "Mother has drug and alcohol issues. DCF is investigating. Children are at risk. Father wants full custody." (See motion #127).
The Court finds that the defendant failed to prove the allegations contained in that motion by a preponderance of the evidence. On July 11, 2001, the plaintiff submitted to a segmented hair test for illicit drug use. That screening indicated that the plaintiff tested negative for cocaine, opiates, phencyclidine, amphetamines and marijuana. Credible evidence at hearing established that the plaintiff did not have those drugs in her system on July 11, 2001 or at any time for three months prior to that date. Furthermore, the defendant did not prove by a preponderance of the evidence that alleged alcohol use by the plaintiff placed the children at risk, or impaired the plaintiff's ability to care for the children to the degree that a custody modification would be warranted. For these reasons, the Court denies the defendant's June 27, 2001 motion to modify custody based on alleged substance abuse by the plaintiff.
The defendant's motion to modify custody as amended on November 7, 2001, focuses on the plaintiff's care of the two minor children, and on an incident involving the plaintiff's older daughter, Melissa Durfee, that occurred on August 6, 2001. The following additional facts are pertinent to the Court's determination of this motion.
Melissa Durfee is the plaintiff's daughter by a prior marriage. Ms. Durfee, who is a senior at the University of Connecticut, where she majors in education, is the half-sister of Taylor and Nicholas.
Ms. Durfee testified at hearing. Facts pertaining to her relationship with both the plaintiff and the two minor children, and her caretaking responsibilities for Taylor and Nicholas, were pivotal in this proceeding.
The evidence established that Ms. Durfee has had a strained relationship with the plaintiff for a number of years. Ms. Durfee has lived primarily with her father, the plaintiff's first husband, since the divorce of her parents. CT Page 16604
The evidence also established that Ms. Durfee is very close to Taylor and Nicholas. Despite the troubled relationship that exists between the plaintiff and Ms. Durfee, the plaintiff has frequently relegated many caretaking responsibilities for the two minor children to their older half-sister. During the past several years Ms. Durfee often cared for Taylor and Nicholas when their parents were working, or unavailable. Ms. Durfee has even assumed such parental duties as taking the children for doctor visits, and assisting them with their homework. Ms. Durfee loves both children, has a strong bond with them, and in many ways functions as their surrogate parent. At the hearing, the plaintiff blamed Ms. Durfee for exceeding her role with Taylor and Nicholas. In essence, the plaintiff claims that Ms. Durfee wrongfully subverted the plaintiff's role as the children's mother.
However, the Court finds that Ms. Durfee shouldered many of the caretaking duties for Taylor and Nicholas because the children's parents have asked her, and' relied on her, to do so.
When the plaintiff began working from 10:00 a.m. to 6:00 p.m. after the dissolution, Ms. Durfee often took care of the children. During the past summer, Ms. Durfee had employment as a counselor in a town-sponsored day camp. Both parents sent the children there to be supervised by Ms. Durfee on the days she was working. In addition, Ms. Durfee had Taylor and Nicholas with her on numerous other occasions during the past several years.
Ms. Durfee testified credibly at trial that on one occasion when she was caring for the children during the past year, the plaintiff arrived to pick up the children and appeared to be in an intoxicated state. After Ms. Durfee and the plaintiff argued, the mother left without taking the children. The children remained with Ms. Durfee at their father's home for several weeks. Although the children were subsequently returned to the plaintiff, the plaintiff claims that the defendant is in contempt because he purportedly acquiesced in Ms. Durfee's retention of the children during that period.
Ms. Durfee testified at trial that during the spring and summer of 2001, she believed that the plaintiff had become depressed and had increased her usage of alcohol. The conflict between Ms. Durfee and the plaintiff reached its boiling point on August 6, 2001 during an incident at the playground where Ms. Durfee was employed by the Enfield Parks and Recreations Department. Both children went to that camp on August 6.
During the morning of August 6, the children's paternal grandmother arrived at the camp and took Taylor to a doctor's appointment. Nicholas CT Page 16605 remained at the camp under Ms. Durfee's supervision. At approximately 9:30 a.m., the plaintiff arrived at the playground to pick up Nicholas in her automobile. The plaintiff indicated that she was going to take Nicholas and his sister to the beach. Nicholas was reluctant to accompany his mother, and expressed his preference to remain at the camp with Ms. Durfee. The accounts of the plaintiff and Ms. Durfee about what transpired next differed significantly at hearing.
The plaintiff claims that she became involved in a heated discussion with Ms. Durfee. She alleged that Ms. Durfee interfered with her attempts to take Nicholas.
Ms. Durfee claimed that she encouraged Nicholas to go with his mother, and was attempting to buckle the child into his seat, when the plaintiff suddenly put the car in motion. The automobile driven by the plaintiff allegedly hit Ms. Durfee's ankle, causing bruises.
Conversely the plaintiff testified at hearing that Ms. Durfee opened the car door and was attempting to remove Nicholas as the plaintiff was putting the vehicle into motion. The plaintiff denies that she attempted to injure Ms. Durfee.
Enfield Police were summoned. The plaintiff was subsequently arrested for assault, third degree, and reckless endangerment with respect to Ms. Durfee. Charges of risk of injury to a minor and reckless endangerment were lodged with respect to Nicholas. These charges are still pending at Superior Court G.A. 13 in Enfield, where a family relations counselor is involved in the matter.
The Enfield Police contacted the Department of Children and Families concerning this incident. DCF made a written finding that the plaintiff's actions on August 6 constituted "neglect" of Nicholas. The agency did not bring a neglect action in the Superior Court for Juvenile Matters, or take any other action against the mother.
Of the two conflicting versions with respect to the events of August 6, 2001, the Court found Ms. Durfee's account to be the more credible. However, the Court also notes that Ms. Durfee has aligned herself with the defendant as a partisan in this custody action, and supports the motion for change of custody.
The Court found the events of August 6, 2001 to be disturbing and reflective of the plaintiff's poor judgment on the date in question. It is particularly unfortunate that Nicholas was present during the incident, and witnessed the events described. CT Page 16606
The other allegations concerning the mother's parenting involved claims by the defendant that the plaintiff's current boyfriend allegedly has a criminal record, that the mother failed to pick up the children on Labor Day, and that a women who lived briefly with the plaintiff was removed from the plaintiff's home by police at a time when neither the mother, nor the children, were present.
As noted above, the Court has carefully considered all of the evidence introduced at trial.
 FINDINGS
The parties in this matter have a shared parenting arrangement. As a result, the defendant sees the children frequently, and can monitor their care by the plaintiff.
The defendant's initial claim that the plaintiff engaged in drug abuse has been contradicted by the segmented hair test. The evidence at hearing did not prove that the plaintiffs use of alcohol impairs her cognitive abilities, or adversely impacts her ability to care for the two minor children to the degree that the children should be removed from their mother's care. As noted above, the Court found the incident on August 6, 2001 to be disconcerting. The Court finds that it underscores the tension that exists between the mother and her daughter, Melissa Durfee.
Ms. Durfee has played a positive and important role in the lives of Taylor and Nicholas. She has, in many respects, become more of a parent than a sibling to the children. The Court finds that this phenomenon has occurred because each parent willingly gave Ms. Durfee important responsibilities for Taylor and Nicholas' care. Unfortunately, the plaintiff and Ms. Durfee have an extremely poor relationship at this point, and are now engaged in a conflict about the children's custody.
Based on the drug test and lack of substantive proof concerning the plaintiff's abuse of alcohol, the court does not find that the mother's alleged substance abuse constitutes grounds for a modification. Similarly, the Court is not persuaded that the August 6, 2001 incident requires a change in the children's primary residence. The Court does not find the evidence concerning the mother's boyfriend, or the incident involving her former roommate, to be grounds for modification.
The Court notes that the attorney for the minor child recommends that the existing shared parenting arrangement continue. The children's counsel also asserted during final argument that it would not be in the best interest of the minor children to change their school at this time. Furthermore, the Court believes that the continued involvement of the CT Page 16607 attorney for the minor child, and the frequent contact which the children will still have with the defendant, make the current custody arrangement viable.
Based on all of the foregoing, the Court finds, that there has not been a material or substantial change in the circumstances which would make it in the best interest of the minor children, at this time, to award their primary residence to the defendant father. The defendant's motion for modification of custody is hereby denied.
The motion for contempt filed by the plaintiff is also denied. The plaintiff did not prove contempt by the defendant by clear and convincing evidence. Specifically, the Court does not find that Ms. Duffee's retention of the children at the time in question was importuned or condoned by the defendant. Nor does the court find that the late payment of child support by the defendant constituted clear and convincing evidence of willful contempt.
Because the shared parenting arrangement ordered in the original decree will continue, there is no substantial change in circumstance which warrants modification of child support. The defendant's motion to modify support is hereby denied.
The Court on its own motion orders that the parties participate in the "Peace Program" offered through the Family Relations Office at this Court. The deterioration in the relationship of the parties justifies this order. The Court directs that if Ms. Durfee is willing to participate in this program, she should be invited to do so. The attorney for the minor children is directed to make the necessary arrangements through family relations for the parties participation in this program. Counsel is also requested to advise the Family Relations Office of this Court's sincere desire that Ms. Durfee participate, if she agrees to do that. Any cost for this program is to be born equally by the parties, with the exception that if Ms. Durfee participates, any cost for her participation shall be paid by the Judicial Branch.
The attorney for the minor children is requested to continue her involvement with this case. Specifically, the Court requests that counsel for the children monitor the parties' participation in the "Peace Program," and the parties future conduct with respect to the shared parenting arrangement.
So ordered,
Dyer, J. CT Page 16608